UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Alicia Valdes,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AAA Life Insurance Company;<br>and Does 1 through 10,<br>inclusive,<br><br>　　　　　　Defendants. | CV 09-5923-RSWL (RCx)<br><br>**ORDER TO SHOW CAUSE RE:**<br>**SUBJECT MATTER**<br>**JURISDICTION** |

　　　This Court is in receipt of Defendant's Notice of Removal. Defendant alleges federal jurisdiction under 28 U.S.C. § 1441(b) ("§ 1441(b)") because the case is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000. Defendant states that Plaintiff's Complaint alleges that the amount in controversy in this action exceeds the required $75,000.

　　　However, this Court was not given sufficient evidence to find that the amount in controversy in this

action exceeds $75,000.  Defendant is correct that the amount in controversy may include attorneys' fees, punitive, emotional distress, and other damages, if the underlying statute authorizes these awards.  However, because Plaintiff's Complaint does not specify a particular dollar amount for consequential, general, punitive and exemplary damages, and attorneys' fees, Defendant has the burden to establish, by a preponderance of the evidence, that the claim exceeds the required amount in controversy.  See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996)

The amount needs to be specific in order for the preponderance of the evidence standard to be met.  The only evidence presented by Defendant regarding attorneys' fees is the Declaration of Martin Rosen, Defendant's attorney, stating, "In my experience, attorneys' fees in litigation such as this are often 40% of recovery."  (Decl. of Martin Rosen, ¶ 2).  The Defendant presents no evidence as to the calculation of general damages, compensatory and/or consequential damages, mental and emotional distress damages and punitive/exemplary damages.

This Court finds that the evidence presented is not sufficient to confer federal jurisdiction under § 1441(b).  Therefore, it is ORDERED that Defendant show cause why this case is removable to federal district
///
///

2

court.  The parties have no later than October 2, 2009 to respond, demonstrating why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: September 16, 2009

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge
CV 09-5923-RSWL (RCx)